IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EMMA MCCRAY**     **PLAINTIFF**

**V.**     **CIVIL ACTION NO. 4:20-CV-3-DAS**

**ANDREW M. SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**     **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Emma McCray filed suit under 42 U.S.C. § 1383(c) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income and disability insurance benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 10. The Court, having considered the record, the administrative transcript, the briefs of the parties, the applicable law, and the parties' oral arguments on October 15, 2020, finds that the Commissioner's decision is supported by substantial evidence.

The plaintiff raises four issues on appeal: 1) whether the ALJ failed to incorporate all the plaintiff's restrictions into the Residual Functional Capacity (RFC) assessment; 2) whether the ALJ failed to develop the record by declining to order a consultative examination (CE); 3) whether the ALJ erred in evaluating the plaintiff's headaches; and 4) whether the ALJ erred in his assessment of the non-examining state agency physician.

    **I.**    **The RFC**

The plaintiff argues that the RFC assessment is not supported by substantial evidence and cites multiple treatment notes and medical opinions which she contends support a more restrictive RFC. The plaintiff points to medical records that predate her alleged onset date of

December 1, 2013, that reflect her subjective complaints of mild to moderate intermittent pain. She also identifies medical records after the alleged onset date which similarly document her reports of mild to moderate intermittent pain. In addition to these records, the plaintiff relies on the State Agency reviewing physician's opinions assigning a sedentary RFC and Dr. Jacqueline Hampton's December 13, 2016 check box opinion that she had "significant limitations in doing repetitive reaching, handling, or fingering" and finding that she would miss "about 4 or more days per month" because of her impairments or medical treatment.

The Commissioner responds, and the court agrees, that substantial evidence supports the RFC. As noted, the medical records that the plaintiff identifies reflect only her subjective complaints of mild to moderate intermittent pain and do not provide objective medical evidence indicating any additional functional limitations. For example, the plaintiff points to a January 23, 2014 office visit with Dr. Karim in which she describes joint pain and muscle pain "occurring in an intermitted pattern" which was "mild and improving." Yet on physical examination, Dr. Karim found that the plaintiff had no limitation in her mobility and was capable of full weight bearing. Her gait and station were normal, and she had normal range of motion without pain in all extremities.

After discussing the plaintiff's testimony regarding her physical and mental impairments, the ALJ stated "[t]he objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations" and concluded "the medical findings do not support the existence of limitations greater than those reported [in the RFC]." Moreover, the ALJ's decision states "consideration of the factors described in 20 CFR 404.1529(c)(3)/416.929(c)(3) and Social Security Ruling 16-3p also leads to a conclusion that the claimant's allegations of disabling symptoms and limitations are neither consistent with the

objective findings entirely nor persuasive in light of the objective evidence." In reaching this conclusion, the ALJ specifically stated that he considered the plaintiff's activities of daily living, medication and treatment history, and the opinion evidence.

As for the opinion evidence the plaintiff identifies, the ALJ discussed Dr. Glenn James' opinion and explained the basis for assigning it little weight – notably remarking on the "mild tenderness that occurs intermittently with persistently normal motor functions, sensory examinations, range of motion of all extremities and joints, and gait and station" which provide substantial evidence for the RFC. While the ALJ's decision does not discuss Dr. Carol Kossman's opinion (addressed fully in the court's discussion of issue IV), Dr. Kossman recounts Dr. James' opinion at the initial level, notes that "Claimant has no new allegations, does not indicate worsening of symptoms, […] no new [medical evidence of record] received, and the claimant's next appointment is with Dr. Karim, Greenville Clinic, for pain medication refills, no updated testing scheduled," and affirms Dr. James' November 26, 2014 assessment.

Finally, as for Dr. Hampton's December 13, 2016 medical source statement, the ALJ thoroughly discussed Dr. Hampton's opinions and assigned little weight for the same reasons he discounted Dr. James' opinion. In Dr. Hampton's treatment notes also dated December 13, 2016, the plaintiff reported joint pain, but Dr. Hampton's examination found "normal tone and motor strength, […] normal movement of all extremities," and "normal gait and station." This constitutes substantial evidence for the RFC and good cause for discounting Dr. Hampton's opinions.

The medical records and opinion evidence the plaintiff identifies do not warrant a more restrictive RFC as substantial evidence exists in the record to support the ALJ's findings. The court cannot reweigh the evidence or substitute its judgment for the Commissioners and so long

as substantial evidence supports the ALJ's findings, they must be affirmed. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Accordingly, the court finds no error with respect to this issue.

## II. Consultative Examination

The plaintiff contends the ALJ failed to develop the record when he declined to order physical and mental consultative examinations. At the administrative hearing, the plaintiff requested that the ALJ order physical and mental consultative examinations because of the age of Dr. Jim Adams' mental CE (dated January 8, 2013) and her inability to pay for medical care or medication to treat her physical conditions. Referring to her first argument, the plaintiff claims that she was prejudiced by the ALJ's failure to properly consider her exertional limitations which, had she been limited to a sedentary RFC, would have resulted in a finding of disabled under the medical-vocational guidelines.

The Commissioner responds that the ALJ had several consultative examinations, mental and physical, to consider in determining the plaintiff's claim and points to specific findings in these opinions that support the ALJ's RFC. Additionally, the ALJ utilized a medical expert to aid in assessing the plaintiff's medical records to determine her RFC. Because the medical evidence was sufficient to make a disability determination, the Commissioner argues that the ALJ did not fail to develop the record and there was no basis for an additional consultative examination.

Under 20 C.F.R. 404.1519a(b), the Commissioner has the discretion to order a consultative examination when evidence is needed that is not contained within the records of the medical sources or cannot be obtained for reasons outside the claimant's control, highly technical or specialized evidence is needed but not available, or there is an indication of a change in condition that is likely to affect the ability to work, but the current severity of the impairment is not established. The Commissioner's discretion is limited where a claimant "raises the requisite

suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989).

There is no evidence to suggest that the record in this case was lacking or that an additional mental or physical consultative examination was necessary for the ALJ to make a disability determination. Because substantial evidence supports the RFC as discussed above, it follows that the ALJ did not abuse his discretion in declining to order a physical consultative examination as it relates to the plaintiff's physical impairments. As for the need for an additional mental consultative examination, the ALJ had before him five medical opinions regarding the plaintiff's mental conditions. The decision contains a reasoned and thorough discussion of these opinions which provide substantial evidence for the RFC. Therefore, the court finds that the ALJ did not err in failing to develop the record.

### III. Headaches

While the ALJ found the plaintiff's headaches to be a severe impairment, the plaintiff claims that the ALJ erred in failing to include in the RFC any functional limitations, such as time off task or absent, that would result because of her headaches. The Commissioner responds that the plaintiff has cited no objective medical evidence supporting such a limitation and outlines her treatment history for her headaches, arguing that the "significant gaps in treatment do not support a finding that the plaintiff received regular treatment for her headaches."

Because migraine headaches are particularly unsusceptible to diagnostic testing, in cases involving complaints of disabling pain due to migraine headaches, courts look to other objective medical signs to determine whether claimant's complaints are consistent with the existence of disabling migraine pain. *Wiltz v. Barnhart*, 484 F. Supp. 2d 524, 533 (W.D. La. 2006). *See also*

*Tucker v. Astrue*, No. 2:07cv4, 2008 WL 3285903, *7 (S.D. Miss. Aug. 5, 2008). These "other objective medical signs" include

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines—including outpatient and emergency treatment—and whether the claimant's symptoms are consistent with those of migraine headaches.

*Wiltz,* 484 F.Supp.2d at 533.

While the plaintiff relies on *Wiltz*, she has failed to identify evidence of any of the "other objective medical signs" which demonstrate disabling migraines. Rather, the "illustrations of the severity of Plaintiff's migraines and/or headaches" included in the plaintiff's brief document her complaints of headaches generally but show no related symptoms, disabling migraine pain, or continued and regular treatment. The ALJ acknowledged the treatment notes documenting the plaintiff's reports of headaches since she was a child and stated that over-the-counter medications alleviated her headaches at times yet also noted that "physical examinations of the claimant have been normal showing normocephalic and atraumatic head, normal eye examinations, normal neck, grossly intact cranial nerves and sensation, and normal coordination." For these reasons, the ALJ did not err in his assessment of the plaintiff's headaches.

    **IV.**  **State Agency Physician**

Finally, the plaintiff argues that the ALJ did not consider State Agency physician Dr. Carol Kossman's December 16, 2014 opinion which was issued at the reconsideration level. Citing 20 C.F.R. § 404.1520b and *Kneeland v. Berryhill*, the plaintiff contends that the ALJ committed legal error by rejecting Dr. Kossman's opinion without explanation, resulting in an RFC that is not supported by substantial evidence.

In *Kneeland*, the ALJ "legally erred by rejecting [a medical opinion] without explanation, which resulted in an RFC not based on substantial evidence." *Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th Cir. 2017). The medical opinion at issue in *Kneeland* was rendered by a treating physician and conflicted with the ALJ's RFC assessment. Under 20 C.F.R. § 1520b, rejecting a conflicting medical opinion requires an explanation. The *Kneeland* Court noted that "procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected" yet deemed the failure to address an examining physician's medical opinion to be prejudicial because, in that case, it "directly affect[ed] the RFC determination." *Kneeland*, 850 F.3d at 761-62 (citing *Audler*, 501 F.3d 446, 448 (5th Cir. 2007)).

As discussed herein related to issue II, Dr. Carol Kossman's December 16, 2014 opinion at the reconsideration level affirmed Dr. James' November 26, 2014 initial determination assigning a "sedentary RFC due to the plaintiff's rheumatoid arthritis and moderate mental restrictions due to depression, borderline intellectual functioning, learning disorder, and a somatoform disorder." Dr. Kossman reasoned that the "[c]laimant has no new allegations, does not indicate worsening of symptoms, […] no new [medical evidence of record] received, and the claimant's next appointment is with Dr. Karim, Greenville Clinic, for pain medication refills, no updated testing scheduled" and concluded "I have reviewed all the evidence in the file and the assessment as of 11/26/14 remains appropriate and is therefore affirmed."

The ALJ discussed Dr. James' opinion and assigned it little weight because it was not supported by the evidence. Although Dr. Kossman's opinion is not discussed in the ALJ's decision, it is entirely consistent with Dr. James' opinion. Because the ALJ considered Dr. James' opinion and assigned it little weight, the plaintiff has failed to establish that she was prejudiced by failure to discuss Dr. Kossman's opinion affirming Dr. James' findings. *Jones v.*

*Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.").

Accordingly, the Court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. Therefore, for the reasons stated herein, the decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this the 11th day of March, 2021.

                                                /s/ David A. Sanders
                                                **UNITED STATES MAGISTRATE JUDGE**